Good morning, everyone. Welcome to day one of this four-day sitting in Atlanta. We're pleased to be with you. Before we get going, before I call the first case, I'll just give you a couple of rules of the road. Two things, really. One, just please know that we've read your submissions. We've read the briefs. We've read the underlying cases, statutes, record material. So in the limited time you have before us, just please get right to the issue. We don't need a lot of factual and procedural ramp-up. You'll just be wasting your time. So get right to it. Second, we have this traffic light system that you're probably familiar with. Green means go. Yellow means slow down. Red, aspirationally, means stop. For better or worse, I'm not the kind of guy who is going to cut you off in the middle of a sentence. Maybe I should be, but I'm not. I'll just confess that up front. If you try to read my body language, if you see me nodding along or sticking my tongue in the side of my cheek, know that you've kind of overstayed. You're welcome. So at the red light, begin to wrap up if you don't mind. Okay. With that, let's call the first case. 21-13891, United States of America v. Leslie Myers. We have Mr. Dodson here for Myers and Mr. Arbab here for the United States. Mr. Dodson, whenever you're ready. Good morning, and may it please the Court. When Mr. Myers told the district court in no uncertain terms that he did not kill his daughter, the significance of his disputing that fact could not have been lost on anyone. The Court was in the midst of beginning to explain its sentence, and it was telling Mr. Myers that it had been troubled for months by this accusation that he killed the dog, and it was going to have to consider that in sentencing him. It was becoming very real to Mr. Myers that that was going to factor into his sentence, and so he spoke up, and what he said was crystal clear. It was, he said, a complete lie. But obviously, this was a very belated statement by your client. And just in looking at the transcript, how is it that the district court, that you claim that the district court treated this statement as a belated objection, but the district court didn't follow any of the normal processes for such an objection? I would argue that the district court's own words when it said, I'm making a specific factual finding in response to this particular dispute, indicated that it was resolving that dispute. But when the statements in the PSI, the factual statements are undisputed, the district court can certainly rely on those facts. But here, the district court did not require your client to show good cause. It did not allow the government to respond, and it didn't refer to your client's statement as an objection. Yes, Your Honor, and I think there's sort of dueling inferences about what the court did and didn't do. On the one hand, if the court was not going to consider the objection on the merits, you might expect the court to say, your objection is too late. And on the other hand, you might expect it to look to the government and say, where's your evidence if it was going to consider it? That's why I think that gets us right back where we started, which is, what did the court say? Can I, maybe this is where you're going, but the sentence in the transcript that says, and I am making a specific finding, I hear what you're saying now. The evidence has been presented up to this point, blah, blah, blah. So what does the sentence, I hear what you're saying now, mean? I think it indicates the court was willing to hear this late objection. I think some further evidence for that is the fact that it elicited earlier in the process what would have been late objections, as my friend on the other side has pointed out in the briefing. That's some evidence that the court was prepared to listen to late objections, and I think that that's a determination that the court should get some deference on. The court knows best, the district court, what its judicial economy concerns are, weighed against its need to get this fact, to make sure it gets it right. This court knew that that fact was going to influence its sentence, and so I think that it's sort of an implicit good cause finding. I do recognize it didn't mention that. That's where I would point to the unpublished case, Hunter, that I provided in the 28-J. I know it's only unpublished, but it's very similar factually, and this court found that the court had essentially implicitly found good cause, and I say implicitly because there was nothing on the record about that in that case. Can I ask you just a record question? I think I've got this straight, but the hanging evidence, so to speak, is the only evidence with respect to the hanging, the statement by White? There is a mention that there was another person, and it wasn't identified, I think, that made that accusation, but it seems that Mr. White made the more detailed accusation, but another co-defendant that put that on Mr. Myers. And then there's other references in the record just to the fact that a dog was killed, but I do believe it's just the accusations of co-defendants. But Mr. Myers did not dispute that he owned the dog that was killed, that he exhibited the dog in the first dog fight, or that the dog was found dead behind the bumper of his car, correct? Correct. So, Justin, following up on Judge Newsom's question, even if the court considered Myers' statement as objections to the PSI, isn't this that we've just discussed, this evidence sufficient to find that Mr. Myers killed his dog? I don't think so. I think it's some circumstantial evidence that he killed his dog, but there are other reasons, if we're getting into sort of weighing the evidence, that you would think he didn't. For one, the dog did win the fight. But we just have to, there just has to be a preponderance of the evidence here. And I don't argue preponderance. Even the fact that it was found under his bumper and that it was his dog wouldn't weigh in favor of that finding. And so to follow up on the follow-up, where does that evidence, the white allegation of hanging, where does it exist? Does it exist only in the PSI? It's only in the PSI. So it's not in the guilty plea? Right. He admitted in the guilty plea and in the Rule 11 hearing that a dog was killed. That was what was stipulated to as part of the plea, but there was no admission that he was the person responsible for that. Can I ask two preservation questions? Sure. The first one has to do with the good cause appeal. Is the government arguing that the district court erred in not finding good cause? Is that sort of the response from the government? I don't understand that to be the government's argument. What is their response? I think the government is arguing that it did not find good cause. Right. So it's error for the court to consider the objection. I think their argument is even it didn't consider the objection, but even if it was considered as an objection and even if it ruled on it, that was error because there's no good cause finding, right? That's the government's argument? I think that could be implicit in the government's argument, but I don't think it's explicitly said that. For example, there's been no citations to cases on what is and isn't good cause. Well, I don't disagree with that, but assume for me that is the government's argument. Would the government have to cross-appeal that error for it to be preserved in front of us? I'm not sure, to be frank. I think you might say it was the court was right for the wrong reasons without cross-appealing. Okay. All right. My second preservation argument is this. So, you know, we have case law, the Jones Standard, which says that at the end of the hearing, the court has to ask what any objections, what do you want me to correct here? And that's the moment in which you have to say the objection. And that really is the preservation trigger going forward. You agree with me on that? I think there's one case that sort of expands on that. That is the Jones rule. There is some circuit law that says that when a defendant objects after presentation of the PSR but before imposition, that that is sufficient. And I apologize. Well, that's sufficient to overcome the Rule 32 error. I'm talking about at the end of the hearing, to preserve it for appellate review, you have to tell the court, here are the errors in which exist or don't exist, right? My understanding, and I'm sorry it's a case that hasn't been cited, Weir, is that it says that you can preserve the Jones error, that you can make that Jones renewal by objecting after the presentation of PSR but before imposition. That is a case that was overruled on other grounds by Dupree, but I think it's still good for that point. Okay. So assume with me for the moment that the only objection that's before us is a substantive reasonableness objection. So what did happen, as I understand it, is the district court did what it was supposed to do. It solicited the objection, and counsel for the defendant said, we object to the substantive reasonableness of the sentence. Is that a fair representation of the record? Right. Right. I would assume that that, for purposes of argument, that was the renewal. Okay. So what does that mean? Objecting to the substantive reasonableness, I think of it as an output error, as Judge Newsom has put it, whereas objection to the fact ahead of time is an input error. But, of course, as the Supreme Court's reminded us in Hogan-Hernandez, to preserve that, one need only ask for a sentence. That's to preserve the ultimate sentence. In other words, that the ultimate sentence is not reasonable, and I think we all agree in that. But that's not really your argument. It may be part of your argument, but your real argument here, the one that we've been talking about, is that the district court made a finding of fact error. It relied on evidence that was insufficient. And that, A, that seems to be under the, we'll call it the Newsom framework, a procedural error. But even putting the Newsom framework aside, Hogan would seem to suggest that there's a difference between just arguing that the total sentence is there and substantive errors that could be there. And that's the, Justice Alito's concurring opinion there sort of sets out that we're not saying that all substantive objections come in, but what we are saying is the bare minimum allows you to get into the bottom line. So, I agree the bottom line is preserved. Is just saying substantive reasonableness enough to trigger the three things that we've outlined in I.R.E. as being substantive objections? I don't think just saying substantive reasonableness is enough. Two points on that. One, and it is a little bit ambiguous, but counsel objected to, that the sentence was excessive, renewed that it was excessive, and then made reference to the facts that the court had previously outlined, including the killing of that dog. So, that at least obliquely referred to the earlier factual dispute. And second, I think- You agree there was no explicit reference, though? There was no explicit reference. And it wasn't just saying I renew all former objections, which may have been more clear as well. Clearly, we could have said a lot more below. But I do think that one of the lessons of Hoagland is that the rulemakers did away with the need for formal exceptions. What one needs to do is tell the court what it is you want it to do and why. And I think that Mr. Meyer's objection effectively did that and preserved both procedural and substantive error. Thank you. Thank you so much.     Thank you. Thank you. Thank you.     Thank you. Thank you. Thank you. May it please the Court, John Arbat for the United States. If I could go to some of the questions that came up during my friend's argument. And on the point about the alleged procedural error, Mr. White's statement in the PSR is not the only, he is not the only person who made those statements concerning who killed, that Myers killed the brown dog by hanging it from a tree. The PSR refers to multiple co-defendants, there were actually two additional co-defendants besides Mr. White. Those co-defendants aren't named by name in the PSR, but they made the progress of the United States and those were turned over to the defense. But in any event, whether it's White alone or White plus unnamed co-defendants, the only evidence is in the PSR, or as I called it earlier, the PSI, whatever we're going to call it. The only evidence is in that document, right? There's nothing in the guilty plea itself. Not in the guilty plea, that's correct. So, I mean, I guess the reason I'm asking is that, like, haven't we said that sort of by virtue of the rules operation, that we can, or that the district court can rely in sentencing on undisputed statements in the PSI, but not on controverted statements in the PSI, which brings us to the question whether or not this thing was sufficient dispute, right? Yes, Your Honor. It does bring us back to that, but it bears on it because when Mr. White made that statement during the imposition of sentencing, he only contradicted Mr. White's account. So I'm going to push back on that a little bit. I had explored that a little bit as I was looking at the record, but let me just read to you a little bit of his statement, and there's certainly a lot there, but he starts off by saying, Your Honor, I was just going to address that. I don't, you might not feel that that's the truth or whatever, and as G-D is above, I did not take off, I did not take off a belt off my waist and hang that animal. That's, that's an imperative. That's not, I don't, Mr. White is wrong to say that, or I dispute my co-conspirator's  Now, he does in the next sentence refer to that guy, Timothy White, but the, the ultimate statement that he's saying here is I didn't do this, right? And in fact, he goes on at the end of the statement to say expressly, I didn't do that. It didn't happen. Your Honor, I view those in context, those, those comments, I think, are reasonably characterized, and I think that's how the district court understood it, to be sort of an addendum to the defendant's allocution, which had, had just ended a page or two before this juncture in the transcript. Certainly there's, the defense counsel did not interpose an objection at that point, saying Your Honor, we want, this is an objection, we want a hearing, we want to show good cause for bringing up this, this new objection at this juncture in the proceedings. None of that happened, so it, on this record, I don't think it can be said to be an abuse of discretion or an error by the district court to not treat this as the interposition of, of a new objection for which good cause would have to be shown. But doesn't it sound like, from the context, that that's exactly what the district court did? I mean, the district court could, to be sure, have said, whoa, whoa, whoa, too late, forget it. But instead, the district court said, I hear what you're saying, but the evidence before me demonstrates that you hang him. When the judge said, when the judge made that, that remark, and then, I think later on in the transcript said, I find that you, that you hung the dog, I think the judge was making those findings, making those comments based on what the court took to be undisputed parts of the PSR, or at least not, not properly objected to parts of the PSR. But, so maybe, but those are two different things, right? Undisputed or uncontroverted in, within the meaning of the rule, one thing. Not properly objected to might be something slightly different. But, I mean, can we really say undisputed? I think Myers was trying to raise some kind of a dispute. Whether it rose to the level of a new objection for purposes of the criminal rule, I mean, that's sort of a term of art. It comes with. But that's not really the question. The question isn't whether we would read just that alone as the objection. It seems to me the question is, how did the district court treat it here? And I think what Judge Newsom is saying, and I agree with it, is the district court could have said, I think I'm hearing an objection, and that's untimely, and that needs to come through counsel, not a pro se party, or not the party who's represented, and so I'm not considering that. I don't think any, if that happened, we would not be, or at least we would not be having this conversation. But the district court seemed to take it seriously as an objection, says I hear what you're saying, but I find based on the record, X or Y happened. Isn't that, and the district court's understanding that this was an objection, whether if read alone it either was or wasn't or could or could not be understood that way? I don't think so, Your Honor, with respect, because I hear what you're saying. To me, I just heard your allocution. You're adding on to your allocution. I hear what you're saying in allocution for what it's worth, but that's a completely separate thing. But then why make the finding? I think the finding harkens back to what the judge said towards the beginning of the sentencing which, sentencing transcript, which is that you have made formal objections at the beginning of the hearing. They're not relevant here. I am overruling those on the record, and so I'm going to accept the PSR as written. I think the words were as written, and that was her approach to continuing on to the evidence. If I could, if I can get past this for one second, I want to get to the good cause issue. As I understand your brief or as I read it, your primary position is simply this was not an objection and so shouldn't be treated that way. But secondarily, you say in the alternative, there was no establishment of good cause by the district court, so the district court couldn't have considered this objection because it was untimely. Is that a fair representation of your argument? Yes, I would say that our position is that the district court was never called upon to make a good cause inquiry or finding because it was the defendant's burden to make an objection and put forward good cause, and that never happened. So the judge was never... Right, so the district judge erred. That's your position, right? No, she didn't err. She was never called upon to make a good cause finding. I understand. So if we find that she did in fact rule on an objection, so that, in other words, your primary argument we disagree with, your secondary argument is that would have been error because there was no good cause finding, right? The defendant never put forth any explanation that the judge could have considered to be good cause.  But to get there, that's the reasoning. The argument is the district court erred because it did this, it ruled on an objection that was untimely without a finding of good cause, right? Well, we don't think the judge had a new objection before her. I understand. So we're past that. I disagree with you. I think it was an objection in which she ruled on. So what's your next argument? Your next argument, as I understand it, is in the alternative that was done improperly because there was no good cause, right? Well, Your Honor, if you also think that the defendant put forth a good cause explanation... I don't think that, but that's not my question to you. My question to you is your next argument is that the district court shouldn't have done that because there was no good cause, right? We don't think the judge had a basis put before her to make a good cause finding. So she erred? Well, I suppose in this hypothetical, but that's not the government's position. Okay. So either you're disclaiming good cause as an alternative basis here, or it seems to me that if I take your brief seriously, you would have had to have cross-appealed what you see as an error by the district court, at least a contingent cross-appeal, if we were to find that this was an objection that the district court ruled on that had been untimely. I just don't see the alternative here. In other words, an alternative argument, a right for the wrong reasons, is there's a basis in the record in which to say something. Here, your argument is there is no basis in the record. The district court shouldn't have done this. That's an error argument. That's not an alternative reason to affirm argument, right? Well, we don't think that the district court was ever called upon to make a good cause finding. There was nothing, there was no argument by the defendant that, Your Honor, here's good cause for accepting this late new objection to the PSR. So that, I think, in our view, that's another reason for rejecting the appeal. All right. So I asked another set of preservation arguments of your opposing counsel, and I want to ask you some of those questions. So what was exactly the objection that was interposed here? We don't think there was an objection. I understand that. But at the end, something was said when the district court said, please tell me any reason why I shouldn't impose sentence or why sentence was incorrectly or improperly imposed. Yes, Your Honor. What was said? Defense counsel objected to the upward variance, referencing the government's recommendation that a 72-month sentence would be sufficient and that the government had made that recommendation based on everything that the district court had just recited in her reasoning for the variance. And one of the things included the fact that Myers had hung his dog from a tree using his belt. So it seemed anyway that, at least implicitly, the defendant was not preserving, in fact, was doing the opposite, was abandoning an argument based on it was Myers who hung the dog from the tree. The only thing at that point that was preserved was just a substantive reason. So what does that mean? When someone says, I object to the substantive reasonableness of my sentence, what does that mean to an appellate court and to a district court judge? It means that the sentence that has been imposed of 123 months is too high considering the sentencing factors in Section 3553A. Sorry. No, no, no. Please. Does it include the three sort of standard things that we've encanted many times from that substantive reasonableness includes considering erroneous facts, considering factors that shouldn't be considered, and one third thing I'm forgetting at the moment. I think it could in general, but I think on the record defense counsel's theory of substantive unreasonableness was that the government had recommended a lower sentence, even taking into account everything that the judge just found about why a higher, a greater sentence was necessary. So you're saying that the statement that the government recommended a lower sentence, Your Honor, and you imposed a higher sentence, so I think the sentence is substantively unreasonable, is only in reference to the sort of the total length of the sentence and not to any of the other factors that are generally considered as substantive reasonableness objections under I.R.E.? I think that a general substantive unreasonableness argument was preserved and we're not, the government is not contending on appeal anyway that any of the contentions that the defense is putting forward in support of a substantive unreasonableness argument were not preserved. Including reliance on irrelevant facts or erroneous facts, which as Judge Lutt points out is, for better or worse, rightly or wrongly, is one of the things we have described as being a substantive reasonableness challenge. Yes, on appeal, the defendant is arguing that that one particular fact about hanging of the dog was procedurally erroneous and should not have been taken into account and that Well, sorry, but given the guy, given that I'm the guy who's like, you know, sort of rightly or wrongly tried to rethink this, when you say procedurally erred, I think you might be right about that. I think that might, in sort of my reconstitution of this area of the law, might be a procedural reasonableness challenge, but to Judge Luck's point, we have called that a substantive reasonableness challenge. And do I understand you to be saying today that the government is not contending that any of these substantive reasonableness challenges was not properly preserved? We haven't argued that in our brief, Your Honor. If you disagree, we certainly would not be disappointed by ruling that some parts of the substantive reasonableness challenge were not preserved or maybe none of it was preserved. That's for the court to decide based on this view of the record. But the reason I ask is that I think that I'm sort of just trailing Judge Luck here, but this case might sort of exist in this weird twilight zone, right, where you have like what I'll call the garden variety substantive reasonableness challenge, which is just like too long, like the sentence is too long. Hogan-Hernandez says at the very least that doesn't require much. Procedural reasonableness challenges require a detailed objection, right? These are things that seem kind of procedural or specific but exist in the substantive reasonableness bucket. And so does a Hogan-Hernandez style objection preserve those as well? Or do they require a bit more specificity? And maybe it doesn't matter because the government isn't contending that one of those more specific substantive reasonableness challenges here was not preserved. The government isn't making that argument, but I think the way we look at it is that the dispute Myers tried to raise about the dog, that has been presented by the defense as going to a procedural error, an alleged procedural error, and we just don't think that the record shows that the district court made any procedural error on handling that particular point. And then that one fact comes into the substantive reasonableness analysis, but we feel that because there was no procedural error in the judges considering that point, it doesn't help the defendant when it comes to a substantive unreasonableness argument. On the merits you mean, it doesn't help the defendant. I see. Okay. Okay. Thank you very much.  Mr. Dodson, you have the full rebuttal time remaining. Thank you. I want to respond by making two main points in my rebuttal. One, the circuit law in Contreras and Hicks, and at least by implication in Aguilar-Ibarra, is that when a district court does rule exclusively on the merits, they have implicitly at least excused any untimeliness, and there's no mention of good cause. What about the fact that the court twice indicates in the transcript that it seems to suggest that the district court is relying solely on the evidence in the PSI? First, the court says, well, the court says, I will say, after the objection or the statement is made by your client, the court says, I hear you there. I will say the evidence in the case is that it did occur. That seems to arguably be referencing the PSI. And then the court again says, I hear what you're saying now. The evidence that has presented up to this time in this case indicates to me, and I'm making a finding of fact, that I do believe that you did, in fact, kill the dog. That's twice that the court seems to be suggesting the court is looking only to the PSI. And doesn't that suggest that no objection has been, the court does not view this as an objection? I think that that puts the cart before the horse. I mean, I think that that's precisely what the court didn't, couldn't do, was rely only on the PSR. And I think the better evidence of Well, the court can rely on the PSI if the court doesn't view your client's statement as an, it's a belated objection, untimely. And so it's the facts in the PSI are undisputed. It certainly can if it views it as an untimely objection. But I go back to, it's saying I'm making a specific finding. Why would it put it that way if it was, because it relied on other facts in the PSR without framing them that way. It seems that saying that in response to what clearly was a factual dispute changes what the court was doing. And therefore it couldn't rely on the PSR. It seems a little bit backwards to say the fact that it got, it misapplied the rule means it couldn't have been making a ruling. I think it was, I think a factual finding is a ruling. And the sequence of that happening after the dispute makes that the most reasonable interpretation of what the court was doing. Counsel Contreras in the other case you cited, both the ones you talked about in your brief, those are suppression cases which deal with a different rule and a different set of circumstances. How do we apply that to a very specific rule that requires a very specific finding of good cause in order to overcome any untimeliness that's laid out in a very detailed and specific procedure for how objections are supposed to, objections interposed to the PSI are supposed to be presented? I agree that those are not all, you know, directly on point. I think that my best case, for better or worse, is Aguilar v. Ibarra. And that's an implication where the court says, well, the district court ruled on both timeliness and the merits. And therefore, because it all did rule on timeliness, we can't hold it timely here because it said it was untimely. I think sort of the opposite applies here. When it only rules on the merits and doesn't mention untimeliness, then this court, that issue isn't properly before this court. And I do think that's sort of implicit in how Hunter was resolved, where there was no mention of timeliness or good cause either, but that court did hear the objection that happened right at the same time, and, of course, in Hunter it didn't even rule, but it did factor that fact into the sentence. The only other thing I would say is that as to the preservation issue, I would ask for an opportunity to brief that if it would be helpful, because it isn't something that's come up. I would like an opportunity to address plain error, because that hasn't come up. I think we could satisfy that, because the rule is very clear that it's undisputed. Only undisputed facts can be relied upon, and to Judge Newsom's point earlier, whether a fact is disputed and whether there's a formal objection is two different things. Thank you. We'll confer, and if we want supplemental briefing, we'll ask for it from both of you. Thank you. Thank you so much. Okay, that case is submitted. We'll move to the second case.